**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

AMANDA N. NORMAN,      )
                                   )
       Plaintiff,          )
                                   )
       v.                 )     C.A. No.: K14C-12-003 RLG
                                   )
ALL ABOUT WOMEN P.A., a    )
Delaware Corporation, and     )
CHRISTINE W. MAYNARD, M.D., )
Individually,            )
                                   )
     Defendants.      )

## ORDER

Submitted: April 12, 2024
Decided: May 6, 2024

On this 6th day of May, 2024, after considering Plaintiff's Motion for Assessment and Imposition of Expert Witness Fees and Court Costs, Defendants' opposition, Plaintiff's Reply and Corrected Reply, Defendants' Sur-Reply, the parties' additional submissions, and the record in this case, **IT APPEARS THAT**:

1. On February 19, 2024, the jury returned a verdict for Plaintiff Amanda Norman in the amount of $566,000.00.[1]

---

[1] See Verdict Sheet, D.I. 264 (Feb. 19, 2024).

1

2.      Ms. Norman filed the instant motion for Assessment and Imposition of Expert Witness Fees and Court Costs on February 23, 2024.[2]

3.      Defendants filed an Opposition to Plaintiff's Motion for Costs on March 8, 2024.[3]

4.      Ms. Norman filed a Reply in support of her motion on March 15, 2024[4] and a Corrected Reply on March 18, 2024.[5]  Defendants filed their Sur-Reply on March 28, 2024.[6]

5.      The Court held oral argument on the matter on April 9, 2024.  At that time, the Court informed the parties that Defendants' residence as of December 3, 2014 – the date Ms. Norman filed her complaint – would be dispositive as to the costs issue.  The parties did not possess information about the residence of one of the Defendants, Dr. Christine Maynard, at the time of oral argument.  Accordingly, the Court requested the parties submit supplemental filings regarding Dr. Maynard's address.

---

[2] See Pl.'s Mot. for Assessment and Imposition of Expert Witness Fees and Court Costs, D.I. 268 (Feb. 23, 2024).

[3] See Defs.' Opp'n to Pl.'s Mot. for Costs, D.I. 271 (Mar. 8, 2024).

[4] D.I. 279 (Mar. 15, 2024).

[5] D.I. 281 (Mar. 18, 2024).

[6] D.I. 298 (Mar. 28, 2024)

6.	Defendants submitted a letter to the Court on April 11, 2024, containing Dr. Maynard's unredacted curriculum vitae and an excerpt of Dr. Maynard's 2016 deposition.[7]  Ms. Norman filed her response on April 12, 2024.[8]

## Standard of Review

7.	Subject to the discretion of the Court, "the prevailing party in a civil action is generally entitled to an award of costs."[9]  10 Del. C. § 5102 provides that "wherever suit is brought in any civil action, … against any citizen of this State, in any other county than that wherein such citizen resides at the time of the inception thereof, the plaintiff shall not recover costs."  Corporate defendants are considered to maintain residence in any county where they have an "extensive presence."[10]

## Discussion

8.	Ms. Norman filed the Complaint against Defendants in Kent County. The Complaint identifies All About Women as a Delaware corporation with an office located in Newark.[11]  The Complaint identifies Dr. Maynard as providing healthcare

---

[7] Defs.' Letter to the Court, D.I. 304 (Apr. 11, 2024).

[8] Pl.'s Letter to the Court, D.I. 305 (Apr. 12, 2024).

[9] Halaszi v. Wal-Mart Stores E. LP, 2023 WL 2980454, at *1 (Del. Super. Apr. 13, 2023) (citing 10 Del. C. § 5101; Super Ct. Civ. R. 54(d)).

[10] Bounds v. Delmarva Power & Light Co., 2004 WL 343974, at *1 (Del. Super. Jan. 30, 2004).

[11] Compl. at 1 ¶ 2.

services at that same office.[12]  Ms. Norman provides no evidence or argument to suggest that either of the Defendants reside in Kent County.  10 <u>Del</u>. <u>C</u>. § 5102 bars the recovery of costs, including expert witness fees,[13] when the defendants do not reside in the county where the plaintiff filed the complaint.  As Ms. Norman filed the Complaint in Kent County, a county in which neither of the Defendants reside nor maintain "extensive presence," she cannot recover costs.

9.    In their supplemental letter to the Court, Defendants provided an excerpt from Dr. Maynard's deposition, taken on January 5, 2016.[14]  At that time, Dr. Maynard resided in New Castle County.[15]  Neither party provided the Court with Dr. Maynard's address at the inception of the instant case.

10.    In her supplemental letter to the Court, Ms. Norman argues that the Defendants must prove Dr. Maynard did not reside in Kent County when Ms. Norman filed the complaint in 2014.[16]  Ms. Norman posits that 10 <u>Del</u>. <u>C</u>. § 5102 functions as an affirmative defense, forcing Defendants to bear the burden of proof.[17]

---

[12] <u>Id</u>. ¶ 3.

[13] <u>Zazanis v. Jarman</u>, 1990 WL 58158, at *2 (Del. Super. Mar. 20, 1990).

[14] <u>See</u> Attachment to Defs.' Letter to the Court, D.I. 304 (Apr. 11, 2024).

[15] <u>Id</u>.

[16] Pl.'s Letter to the Court, D.I. 305 (Apr. 12, 2024).

[17] <u>Id</u>.

Ms. Norman points only to the lack of evidence surrounding Dr. Maynard's residency, and asserts that Dr. Maynard must prove affirmatively that Dr. Maynard resided outside of Kent County. The Court disagrees with Ms. Norman's attempt to impose a burden of proof and standard upon Dr. Maynard that does not exist under the law.

11. No evidence exists within the record to suggest Dr. Maynard resided within Kent County at the time Ms. Norman filed her complaint. Dr. Maynard practiced medicine in New Castle County. At least in 2016, Dr. Maynard resided in New Castle County. Although not dispositive of Dr. Maynard's 2014 residency, that evidence stands in contrast to the complete dearth of evidence suggesting that Dr. Maynard resided in Kent County when Ms. Norman filed her complaint. Absent some showing by Ms. Norman that Dr. Maynard resided within Kent County on December 3, 2014, § 5102 bars Ms. Norman's recovery of costs.

## Conclusion

12. Accordingly, Ms. Norman's Motion for Assessment and Imposition of Expert Witness Fees and Court Costs is **DENIED**. As Ms. Norman is statutorily barred from the recovery of costs, the Court need not address the individual merits of each cost Ms. Norman requested.

5

**IT IS SO ORDERED.**

_____
Reneta L. Green-Streett, Judge


RLG/ds
*File & ServeXpress*
OC:   Prothonotary